UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 98-4833

CHARLES LEE BREWER,
Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of West Virginia, at Martinsburg.
Robert Earl Maxwell, Senior District Judge.
(CR-98-3)

Submitted: June 30, 1999

Decided: September 14, 1999

Before NIEMEYER, MICHAEL, and KING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Scott A. Curnutte, Elkins, West Virginia, for Appellant. David E.
Godwin, United States Attorney, Paul T. Camilletti, Assistant United
States Attorney, Wheeling, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Charles Lee Brewer appeals his conviction and sentence entered on his guilty plea to structuring a monetary transaction for the purpose of evading the reporting requirements of 31 U.S.C.§ 5313(a) (1994), in violation of 31 U.S.C. § 5324(a)(3) (1994). Brewer noted a timely appeal and his attorney filed a brief pursuant to Anders v. California, 386 U.S. 738, 744 (1967), in which he represents that there are no arguable issues of merit in this appeal. Nonetheless, in his brief, counsel addressed the possibility that the district court's judgment of forfeiture was in violation of the Excessive Fines Clause of the Eighth Amendment to the Constitution. The time for filing a supplemental brief has passed and Brewer has not done so. Finding no merit to counsel's claim of error, and discovering no other error in our review of the record, we affirm the conviction and sentence.

Brewer's counsel contends on appeal that the forfeiture in this case was "grossly disproportional" to the harm caused by his offense and was therefore in violation of the Excessive Fines Clause. See United States v. Bajakajian, 524 U.S. 321, ___, 66 U.S.L.W. 4514, 4516 (U.S., June 23, 1998) (No. 96-1487). Ordinarily, a legal determination like this one would be subject to de novo review on appeal. See id. at 4518 n.10. In this case, however, Brewer failed to object to the forfeiture at any juncture. As a result of Brewer's failure to preserve this issue in the district court, this court's review is restricted to a search for plain error. See United States v. Olano, 507 U.S. 725, 731-32 (1993). Our review of the district court's order of forfeiture in light of the harm caused by Brewer's offense reveals no error of this magnitude. Brewer's claim is without merit.

As required by Anders, we have independently reviewed the entire record and all pertinent documents. We have considered all possible issues presented by this record and conclude that there are no non-frivolous grounds for this appeal. Pursuant to the plan adopted by the Fourth Circuit Judicial Council in implementation of the Criminal Justice Act of 1964, 18 U.S.C. § 3006A (1994), this court requires that counsel inform his client, in writing, of his right to petition the Supreme Court for further review. If requested by the client to do so,

2

counsel should prepare a timely petition for writ of certiorari, unless counsel believes that such a petition would be frivolous. In that case, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

Brewer's conviction and sentence are affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3